UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEDIATRIC SPECIAL CARE, INC.,

        Plaintiff,

                                         Case Number 10-13313
v.                                          Honorable David M. Lawson

UNITED MEDICAL RESOURCES (UMR),
and DARNDEN RESTAURANT GROUP
LIFE AND HEALTH PLAN FOR SALARIED
EMPLOYEES, sponsored by Darnden
Restaurants, Inc.,

        Defendants.

_____/

## ORDER GRANTING LIMITED DISCOVERY PURSUANT TO PROCEDURAL CHALLENGE AND SETTING DATES

This matter is before the Court on the plaintiff's procedural challenge to the administrator's decision denying it benefits under the Employee Retirement Income Security Act of 1974 (ERISA). The plaintiff seeks discovery based on its claim of a procedural due process violation and explains that it has received serial versions of the administrative record without being able to tell whether the complete administrative record has been assembled or what the plan administrator considered in denying its claim. The Court finds that these allegations justify discovery under the rules established by *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998), and its progeny.

When reviewing an administrator's decision denying benefits, this Court ordinarily limits its review to evidence contained in the administrative record. *Wilkins*, 150 F.3d at 618. In *Wilkins*, however, the Sixth Circuit acknowledged that in the context of a procedural challenge to an administrator's decision, some discovery of evidence not contained in the administrative record is permissible:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Id.* at 619.

Following *Wilkins*, courts in this circuit have recognized that this decision "implies a claimant must identify the specific procedural challenge(s) about which he complains and that discovery must then be limited to those procedural challenges." *Bennett v. UNUM Life Ins. Co. of Am.*, 321 F. Supp. 2d 925, 932 (E.D. Tenn. 2004). The plaintiff must make a "threshold evidentiary showing" of the alleged procedural deficiencies and may not rely on mere speculation. *Id.* at 937. The relevance of a plan administrator's potential conflict of interest was affirmed by the Supreme Court in *Metro. Life Ins. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008), in cases where the plan confers discretion on the administrator and judicial review employs a deferential standard. The Court found that "the fact that a plan administrator both evaluates claims for benefits and pays benefits claims creates the kind of 'conflict of interest,'" 128 S. Ct. at 2348, but the extent and effect of that conflict depends on the facts of each case. The Sixth Circuit has held in the procedural challenge context that due process is denied when the administrator fails to provide the insured with proper notice under the plan's hearing procedures, *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992), and when the administrator refuses to consider evidence favorable to the insured while actively seeking out and considering evidence unfavorable to the insured, *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998). Challenges that ask the administrator "to rehash the medical reasons for its denial of the plaintiff's

claim" are substantive in nature and therefore do not fit within the *Wilkins* discovery exception. *See Bennett*, 321 F. Supp. 2d at 925.

In the present case, the plaintiff asserts its procedural challenge on the grounds that, given the different versions of the administrative record produced during discovery, many of which lacked important medical records initially provided by the plaintiff, it is impossible to determine what comprises the full administrative record on which the defendants relied when denying the plaintiff's claim. The Court concludes that this claim justifies discovery beyond the administrative record. The plaintiff's allegation that the defendants may have failed to consider significant portions of the record may give rise to a procedural challenge of the kind discussed in *Killian* and may also give rise to an inference of a structural conflict of interest. *See Killian*, 152 F.3d at 521-22.

Accordingly, it is **ORDERED** that the plaintiff may seek discovery on the issues of whether a complete administrative record has been assembled, whether any relevant material was not submitted to the Plan Administrator, and what was considered by the Plan Administrator. Discovery is limited to these questions.

It is further **ORDERED** that discovery shall be completed on or before **April 14, 2011**.

It is further **ORDERED** that the Case Management and Scheduling Order is modified as follows:  The parties shall file their cross-motions on the administrative record on or before **May 16, 2011**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 14, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2011.

                                       s/Deborah R. Tofil
                                       DEBORAH R. TOFIL